```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA         :
                                 :   NO. 1:05-CR-00025-1
                                 :
   v.                            :
                                 :   **OPINION AND ORDER**
                                 :
MOHAMMED SHALASH (1)             :
                                 :
                                 :

      On February 22, 2005, Defendant Mohammad I. Shalash ("Shalash") was indicted on charges that he allegedly conspired to produce Ohio identification cards without lawful authority, a violation of 18 U.S.C. §§ 1028(a)(1),(b)(1), and (f), as well as actually produced a number of such identification cards, a violation of 18 U.S.C. §§ 1028(a)(1) and (b)(1) and 2 (doc. 1). Although this indictment was subsequently superceded on April 22, 2005 (doc. 159), the substance of charges levied at Shalash – for the purpose of this motion – did not change. On June 9, 2005, Shalash filed a motion to dismiss the indictment for failure to state a claim pursuant to Federal Rule of Criminal Procedure 12(b)(doc. 221). The government responded on June 22, 2005 (doc. 237), and the Court held a hearing on the motion on July 20, 2005, rendering the motion fully briefed and ripe for decision. For the following reasons, Defendant's motion will be denied.

**I. RELEVANT FACTUAL BACKGROUND**

      The government alleges that Shalash conspired with an

employee of the Deputy Registrar of the Ohio Bureau of Motor Vehicles to assist illegal aliens in obtaining Ohio Driver Licenses or Ohio Identification to which they were not entitled, enabling them to misrepresent their residency status in this country (doc. 221). Paragraph 11 of the superceding indictment specifically alleges that "the production, transfer, possession, and use of Ohio Identification documents affects interstate commerce" (doc. 237). Nine other counts charge that Defendant did "knowingly and without lawful authority produce and aid and abet the production of" either an Ohio Driver License or Ohio Identification Card, "which document's production and use affects interstate commerce."

**II. LAW AND ANALYSIS**

In the instant motion, Shalash argues that, because the alleged activity is not inherently economic in nature, the government must demonstrate that his actions substantially affected interstate commerce. See United States v. Morrison, 529 U.S. 598 (2000); United v. Lopez, 514 U.S. 549 (1995). He insists that, as a matter of law, government cannot satisfy its burden in the instant prosecution. Citing various out-of-circuit cases, Shalash contends that, because the driver's license in this case was made in Ohio and the allegedly illegal conduct occurred entirely within the state of Ohio, a minimal nexus with interstate commerce necessary to sustain the instant indictment is lacking. See, e.g., United States v. Villarreal, 253 F.3d 831, 834 (5th Cir. 2001);

Cf., United States v. Jackson, 155 F.3d 942 (8th Cir. 1998)(finding the nexus with interstate commerce satisfied, at least in part, because at least one of the false identification cards at issue originated outside the state in question). Because the evidence offered in the instant indictment fails to outline any such proof of an effect on interstate commerce in this case, he demands the dismissal thereof.

Although the government concedes in response that it must prove its allegations that Shalash's actions affected interstate commerce, it insists that this is a matter for trial. It contends that Shalash may not use Fed. R. Crim. P. 12(b) to force the government to advance its proof in advance of trial.

Upon review, the Court finds the government's contention correct. Under the Federal Rules, an indictment need only allege the elements of each crime charged and provide the defendant with sufficient notice that he may plead his guilt or innocence thereof. See Hamling v. United States, 418 U.S. 87, 117 (1974). The vast majority of authority holds that the determination of whether a defendant's charged conduct affects interstate commerce is a matter to be decided by a jury in the first instance, rendering dismissal under Fed. R. Crim. P. 12(b) improper. See, e.g., United States v. Alfonso, 143 F.3d 772, 777 (2d Cir. 1998); United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993)).

**III. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment with Prejudice (doc. 221) is DENIED.

SO ORDERED.

Dated: August 9, 2005       <u>s/S. Arthur Spiegel</u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge