```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

| | | |
|---|---|---|
| MOHAMMAD SHALASH, | : | NO. 1:05-CR-00025(1) |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

This matter is before the Court on six motions. First, Petitioner's Motion to Vacate or Set Aside Sentence Pursuant to Section 2255 (doc. 360), Respondent's Memorandum in Opposition (doc. 378), and Petitioner's Reply (doc. 381). Second, Respondent's Motion to Dismiss Petitioner's § 2255 Proceeding (doc. 364), and Petitioner's Memorandum in Opposition (doc. 367). Third, Petitioner's Motion for Bail Pending Disposition of § 2255 Petition (doc. 361), and Respondent's Response in Opposition (doc. 365). Fourth, Petitioner's Motion for Appointment of Counsel (doc. 368), and Respondent's Response in Opposition (doc. 371). Fifth, Petitioner's Motion for Judgment on the Pleadings (doc. 369), and Respondent's Response (doc. 372). Sixth, Petitioner's Motion for an Evidentiary Hearing (doc. 370), and Respondent's Response (doc. 372). For the reasons stated herein, the Court denies all six motions.

**I. Background**

On August 9, 2005, Petitioner plead guilty to one count

of Conspiracy to Produce Identification Documents without Lawful Authority, eleven counts of Aiding and Abetting in the Production of Ohio Driver's Licenses, and two counts of Aiding and Abetting in Production of Ohio Identification Cards (doc. 296). Subsequently, the Court sentenced Petitioner to thirty-six months of imprisonment and three years of supervised release (doc. 343). Petitioner is currently serving his sentence.

**II. Petitioner's Motion to Vacate His Sentence**

Petitioner now moves this Court to Vacate or Set Aside his Sentence (doc. 360). Petitioner alleges he did not adequately speak or understand English so as to enter his plea of guilty knowingly, voluntarily, and intelligently (Id.). Petitioner further alleges the lack of Arabic interpretation at his plea and sentencing resulted in a denial of procedural due process (Id.). Petitioner further asserts this alleged linguistic barrier constructively deprived him of his right to be present at critical stages of the proceeding, including sentencing (Id.). Petitioner also asserts that due to the lack of adequate interpretation, his counsel was ineffective in advising him of the ramifications of entering a plea of guilty (Id.). Finally, Petitioner claims appellate counsel was ineffective for failing to raise the preceding issues on direct appeal (Id.).

In reply to Petitioner's Motion to Vacate the Sentence, Respondent argues Petitioner's claims relating to the alleged lack

2

of an Arabic interpreter and ineffective trial counsel, are procedurally defaulted (doc. 378). In support of this Respondent argues that Petitioner could have raised his claims on direct appeal, but did not (Id.). Second, Respondent argues that Petitioner cannot show the necessary cause and prejudice to excuse the procedural default which, if shown, would have provided a basis for collateral relief (Id.). In any event, Respondent argues that based on the record, Petitioner's interpreter/language comprehension claims are meritless (Id.). Respondent indicates that the Court questioned Petitioner regarding his understanding of the proceeding and found Petitioner did not need an interpreter (Id.). Respondent also indicates that Petitioner failed to request an interpreter at either his plea or sentencing hearings (Id.). Respondent argues that Petitioner's Section 2255 motion is in itself a contradiction (Id.). Respondent indicates the dozens of pages of well-written English, which it argues Petitioner submitted on his own behalf, inherently refutes any notion that Petitioner did not adequately understand the proceedings which he attacks in his Section 2255 motion (Id.).

Respondent acknowledges that the ineffectiveness of appellate counsel claim is not procedurally defaulted (Id.). Notwithstanding, Respondent argues this latter claim is also meritless (Id.). Respondent further argues that Petitioner's vigorous seeking of voluntary dismissal of his direct appeal bars

3

him from alleging his appellate counsel was ineffective (Id.).

In reply to Respondent's Memorandum in Opposition, Petitioner reiterates the arguments made in his original Motion to Vacate the Sentence (doc. 360). Petitioner further adds that Respondent's assertion that a well-written motion filed on Petitioner's behalf is not evidence of his understanding of the proceeding, nor are statements and opinions of the Assistant United States Attorney (doc. 381).

Having reviewed this matter the Court finds Petitioner's arguments in support of vacating his sentence unpersuasive. The Court ascertained during Petitioner's plea hearing that Petitioner understood English. In addition, the Court provided an Arabic interpreter to Petitioner, at the request of the United States Attorney's Office. Petitioner declined the interpreter's assistance, and Defense Counsel was fully aware of the interpreter's presence. Despite the availability of an interpreter, Petitioner's Counsel advised the courtroom deputy that no interpretation services were needed in the matter. Nonetheless, the interpreter remained on hand and available in case the need for interpretation arose.

In addition, the record in this matter shows that Petitioner did not request, nor require, an Arabic interpreter during his initial appearance and arraignment before the Magistrate Judge. Moreover, the transcripts of Petitioner's Change of Plea

Hearing and Sentencing are full of instances in which Petitioner intelligibly addressed the Court in English and intelligibly responded to the Court's questions.  "The court's duty to provide an interpreter arises only if the presiding judicial officer determines that the Petitioner primarily speaks a language other than English such that his comprehension of the proceedings or communication with counsel or the court is inhibited." United States v. Rodriquez, No. 05-4427, 2006 WL 3780369, at 4 (6th Cir. Dec. 22, 2006)(citing 28 U.S.C. § 1827(d)(1))(quotations omitted). The record indicates the Court found Petitioner to fully understand the proceedings and to not need the assistance of an interpreter (Transcript of Change of Plea Hearing, Aug. 9, 2005).

During the Change of Plea Hearing Petitioner addressed the Court more than four dozen times.  After the Court advised Petitioner of the specific charges in the indictment and the potential sentence for such charges, the Court asked Petitioner, "Do you understand the nature and meaning of the cause of these charges?" and Petitioner responded, "Yes. Yes."  In further exchanges with the Court, without the use of an interpreter, Petitioner demonstrated his ability to understand English and communicate with the Court, for example:

> THE COURT:  And knowing of the penalty in this case, do you still wish to plead guilty?
>
> THE DEFENDANT:  Yes.

5

>THE COURT: And how old are you, sir?
>
>THE DEFENDANT: 31.
>
>THE COURT: Now, do you understand if your plea of guilty is accepted, you may or may not be placed on probation, and I doubt that probation is available in this case. Do you understand that?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Are you presently on probation as to any previous offense?
>
>THE DEFENDANT: No.
>
>THE COURT: Are you presently on parole from a penitentiary or any other penal institution?
>
>THE DEFENDANT: No.

(Id. at p.21).

During the Sentencing Hearing Petitioner also addressed the Court more than two dozen times without conferring with his counsel (doc. 357). When the Court asked Petitioner if he wished to make a statement on his behalf regarding sentencing Petitioner replied:

>I pled guilty down here because I take the people down there and I don't know that's wrong when I taken them over there. If I know that's wrong, I don't go with them. I got a family. I got a baby and I got a baby another on the way and I got a lot of brother back home. I need to take care with them. And my wife, she go to school. I need to take care my baby and I work and that's what I do. I try to help everybody, if I can. If I know that's wrong, I don't go with anybody.

(doc. 357, p.20).

When questioned regarding the receipt of money for his services Petitioner responded, "No. I never take from nobody money. The people when they came from back home, nobody have money. Nobody have money from" (Id.). When the Court informed Petitioner he had the right to apply to the Court for leave to appeal if he lacked funds Petitioner responded, "I have no money" (Id. at p.30). The preceding exchanges belie the notion that Petitioner did not understand the court proceedings due to lack of comprehension of English. Although Petitioner's English is not perfect, the record is clear that Petitioner understood the proceedings and did not need an interpreter.

In any event, the Court finds well taken Respondent's position that Petitioner has defaulted any claim based on his alleged lack of understanding of English. The Supreme Court held that "the voluntariness and intelligence of a guilty plea can only be attacked on collateral review if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998). Otherwise, the claim is procedurally defaulted. Id. The Sixth Circuit has stated that, "[a] procedurally defaulted claim, absent a showing of cause and prejudice or actual innocence, cannot give rise to relief under [Section] 2255." Peeler v. United States, 269 F.3d 693, 698 (6th Cir. 2001). Here, Petitioner filed an appeal with the Sixth Circuit, only later to attempt to voluntarily

7

withdraw the appeal. Upon denial of the voluntary withdrawal, the Sixth Circuit heard Petitioner's appeal and affirmed this Court's ruling. On appeal, Petitioner failed to raise any claim regarding the adequacy of his English comprehension, nor any claim regarding the presence of an Arabic interpreter. In accordance with <u>Bousley</u>, Petitioner procedurally defaulted on these claims related to language comprehension by failing to raise them on direct appeal.

Petitioner's final ground in support of vacating his sentence is that appellate counsel was ineffective in failing to raise the language comprehension claims on direct appeal. The Supreme Court has established that "when a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). This is a two prong test. <u>Id</u>. at 687. "First, the defendant must show . . . that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show . . . that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>. The Sixth Circuit has added that the "[s]tandards of reasonably effective assistance of counsel during trial is (sic) applicable to appeals." <u>Bowen v. Foltz</u>, 763 F.2d 191, 194, fn.3 (6th Cir. 1985). "[At] very least a defendant must make more than

8

merely speculative assertions." Id. at 194. Here, Petitioner argues appellate counsel's failure to raise the language comprehension claims on appeal amounts to ineffective counsel that should serve as a basis for the Court to vacate his sentence. However, the Court's determination that Petitioner's language comprehension claims lack merit precludes the Court from finding appellate counsel ineffective. The failure to raise meritless claims obviously does not fall below the objective level of reasonableness, but to the contrary, is perfectly reasonable. Aside from his claim that his appellate counsel failed to bring an appeal based on his language comprehension claims, Petitioner raised no other arguments in support of the theory that his appellate counsel was ineffective. The Court concludes therefore that Petitioner's Motion to Vacate his Sentence should be denied in all respects.

### III.  Respondent's Motion to Dismiss

The government filed its Motion to Dismiss on November 22, 2006, at which time Petitioner's direct appeal remained pending before the Sixth Circuit Court of Appeals (doc. 364). The government argued correctly that the district court is barred from considering a Section 2255 application during the pendency of the applicant's direct appeal (Id. citing Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)).

On March 9, 2007, the Sixth Circuit entered final

9

judgment affirming the Court's judgment in this matter (doc. 376). As such, Petitioner's appeal is no longer pending before the appeals court, and this Court is no longer barred from considering Petitioner's Section 2255 application. Accordingly, the Court finds moot Respondent's November 22, 2006 Motion to Dismiss.

**IV. Petitioner's Remaining Motions**

Petitioner filed his Motion for Bail Pending Disposition of § 2255 Petition (doc. 361), arguing the Court should order him released pending the disposition of his Section 2255 motion. The government responded under <u>United States v. Cornish</u>, 89 Fed. Appx. 569, 570 (6th Cir. 2004), that a prisoner seeking such relief pending a Section 2255 motion must demonstrate both a substantial claim of law and the existence of circumstances making the motion for bail exceptional and deserving special treatment in the interests of justice (doc. 365). The government argues Petitioner has not demonstrated any exceptional circumstances (<u>Id</u>.). The Court finds the government's position well-taken, and rejects Petitioner's Motion for Bail (doc. 361).

On December 15, 2006, during the pendency of his appeal before the Sixth Circuit, Petitioner filed a motion requesting the Court appoint him counsel (doc. 368). Respondent argued that such motion should be denied as the Court had already appointed him counsel (doc. 371). The Court finds the government's position well-taken, and further concludes that in the light of the Court's

10

denial of Petitioner's Section 2255 Motion, the appointment of counsel would be futile.

On December 15, 2006, Petitioner moved for Judgment on the Pleadings (doc. 369), based on the same theories in this Section 2255 Petition concerning language comprehension. As the Court has found such theories meritless in disposing of Petitioner's Section 2255 Motion, the Court likewise finds the underlying basis for this present motion without basis. Accordingly, the Court rejects Petitioner's Motion for Judgment on the Pleadings.

Finally, Petitioner moved for an evidentiary hearing on his Section 2255 motion (doc. 370). As detailed above in its review of Petitioner's Section 2255 Motion, the Court reviewed the transcripts of proceedings in this case and the record in arriving at the conclusion that Petitioner's claims lack merit. Accordingly, consistent with Rule 8 of the Rules governing Section 2255 Proceedings, the Court does not find an evidentiary hearing warranted.

**V. Conclusion**

For the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate or Set Aside Sentence Pursuant to Section 2255 (doc. 360), DENIES Respondent's Motion to Dismiss Petitioner's § 2255 Proceeding (doc. 364), DENIES Petitioner's Motion for Bail Pending Disposition of § 2255 Petition (doc. 361),

DENIES Petitioner's Motion for Appointment of Counsel (doc. 368), DENIES Petitioner's Motion for Judgment on the Pleadings (doc. 369), and DENIES Petitioner's Motion for an Evidentiary Hearing (doc. 370). The Court further FINDS that a Certificate of Appealability should not issue in this case, and CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: July 31, 2007         s/S. Arthur Spiegel

                             S. Arthur Spiegel
                             United States Senior District Judge